## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**RUDOLF CHRISTIAN de BACK,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO.: 5:24-cv-00072

**GREENBRIER OUTFITTERS, INC.**
**d/b/a BROADMOOR OUTFITTERS,**

    **Defendants.**

### COMPLAINT

NOW COMES, Plaintiff, Rudolf Christian de Back, by counsel, and for his Complaint against Defendant, hereby alleges as follows:

### PARTIES

1. Plaintiff Rudolf Christian de Back (hereinafter "Plaintiff") is a citizen and resident of Netherlands, Kingdom of the Netherlands.

2. Defendant Greenbrier Outfitters, d/b/a Broadmoor Outfitters (hereinafter "Defendant") is a domestic corporation with its principal place of business located at 362 Mountain Ave., P.O. Box 566, White Sulphur Springs, Greenbrier County, West Virginia.

### JURISDICTION AND VENUE

3. This Court has jurisdiction and venue over this action because, at all relevant times to this Complaint, the Defendant's principal place of business is and was located in Greenbrier County, West Virginia; the Plaintiff is and was a resident of Netherlands, Kingdom of the Netherlands; the events complained of herein occurred in El Paso County, Colorado and the amount in controversy exceeds the jurisdictional limit of seventy-five thousand ($75,000) dollars.

## FACTS

4.      Plaintiff and his family meticulously planned, scheduled, and prepared for a three-month (88-day) trip across the United States, during which they intended to see and experience as much of the country as they could.

5.      As a part of this trip, Plaintiff planned many activities that would aid him and his family in experiencing the country's natural beauty. One of these activities was to experience a guided, zipline tour in Colorado Springs. Plaintiff ultimately chose the "Fins Course Zip Line," organized and operated by Defendant, for this experience. The Fins Course is located in Colorado Springs, Colorado around the Seven Falls Canyon and Mt. Cutler area.

6.      The Fins Course Zip Line is a guided tour that consists of five ziplines of various heights and lengths (the longest zipline is around 1800 feet, and some of the ziplines reach heights of 500 feet above the ground). The tour also involves some hiking and walking between the ziplines (there are two "rope bridges" participants must walk across during the non-ziplining portion of the tour). Finally, the tour ends with a 180-foot assisted rappel down to the canyon floor.

7.      On or about March 2, 2023, Plaintiff reviewed and signed the attached document, entitled "Soaring Adventure Zip Line Tour Waiver." This Waiver is not specific to the Fins Course; it appears to be an overarching Waiver that is used by Defendant and/or its agents for all zipline or canopy tours owned and operated by Defendant and/or its agents.

8.      This Waiver requires that all lawsuits against Defendant and/or its agents be filed in the State of West Virginia. Further, the Waiver requires that West Virginia's substantive law shall apply in the filed action, without regard to West Virginia's conflict of law rules.

9. On March 4, 2023, just 21 days into their 88-day trip, Plaintiff and his family presented at the location of the Fins Course Zip Line. Before proceeding through the Course, Defendant provided Plaintiff, as well as the other participants, the gear necessary to utilize the ziplines.

10. This gear was owned, maintained, and operated by Defendant and/or its agents. An agent of the Defendant instructed the participants how to utilize the gear properly while ziplining on the Fins Course, which included instructions regarding how and when to apply the individual brake on the zipline, as well as when the emergency brake would be employed by the agents/employees operating and overseeing the tour.

11. The fourth zipline located in the Fins Course extends just over 1300 feet and boasts a steep drop with no valley to allow for natural deceleration.

12. As Plaintiff progressed down the fourth zipline of the Fins Course, Plaintiff received the signal from Defendant and/or its agents to apply the individual brake. Plaintiff attempted to apply the individual brake to slow himself down, as he had been instructed by Defendant and/or its agents, so that he could then safely dismount and move on to the next part of the tour.

13. Defendant and/or its agents had previously explained to Plaintiff, and the other participants of the Fins Course, that the participant could stop utilizing their personal brake on the zipline apparatus once they reached the emergency/safety brake portion of the zipline. Defendant and/or its agents told the participants that Defendant and/or its agents would slow each participant down after the participant had reached the emergency brake section of the zipline.

14. However, the individual brake available to Plaintiff on the zipline apparatus did not work; despite Plaintiff applying this brake as instructed, Plaintiff did not slow down. Additionally,

even though he crossed the emergency/safety brake line, the Defendant and/or its agents failed to intervene and apply the emergency brake. Plaintiff therefore collided with the pole at the end of the track at great speed.

15. As a direct and proximate result of the Defendant's negligence and/or reckless and behavior, Plaintiff suffered severe and permanent injuries.

16. As a direct and proximate result of Defendant's negligence and/or recklessness and careless behavior, Plaintiff suffered severe and permanent injuries which caused him to not be able to participate in, or otherwise enjoy, the remainder (67 days) of his trip across the United States.

17. At all times relevant to this Complaint, Plaintiff was not contributorily negligent and proceeded through the guided Fins Course as instructed by Defendant and/or its agents.

## COUNT I: NEGLIGENCE

18. Plaintiff repeats and incorporates, by reference, the allegations contained in the paragraphs above, as if set forth herein, verbatim.

19. Defendant and/or its agents owed a duty of care to construct, install, maintain, and operate all ziplines and canopy tours in accordance with the Associate for Challenge Course Technology's ("ACCT") challenge course standards, or substantially equivalent standards.

20. Defendant and/or its agents owed a duty of care to ensure that ziplines and canopy tours are inspected at least annually by the West Virginia Division of Labor or a special inspector.

21. Defendant and/or its agents owed a duty of care to train all employees/agents operating ziplines and canopy tours in accordance with national standards associated with their profession.

22. Defendant and/or its agents owed a duty of care to maintain records for a period of at least three years from the date of the creation of the record of (a) proof of insurance, (b)

inspection reports; (c) maintenance records; and (d) participant acknowledgment of risks and duties.

23. Upon information and belief, Defendant and/or its agents breached these duties of care.

24. Specifically, Defendant and/or its agents breached their duty of care to construct, install, maintain, and operate all ziplines and canopy tours in accordance with the ACCT's challenge course standards, or substantially equivalent standards by failing to properly construct, install, maintain, and/or operate its zipline and/or zipline apparatus(es) in accordance with applicable laws. Specifically, the fourth zipline of the Fins Course was not properly maintained and operated; the brake available to Plaintiff while he was traveling on the fourth zipline of the Fins Course did not work and/or malfunctioned; additionally, the emergency brake available to Defendant and/or its agents was not properly maintained or operated and/or was not properly employed at the time relevant to this Complaint.

25. Further, Defendant and/or its agents breached their duty of care by failing to properly train Defendant's agents/employees who were operating the Fins Course on or about March 4, 2023. Specifically, the agent/employee allegedly in charge of handling and employing the emergency brake system on March 4, 2023 either failed to employ the emergency brake system or failed to correctly handle and properly employ the emergency brake system while Plaintiff was on the fourth zipline of the Fins Course.

26. Upon information and belief, Defendant and/or its agents have also breached their duty to ensure that their ziplines and canopy tours are inspected annually by the West Virginia Division of Labor.

27. These breaches of duty by Defendant and/or its agents directly and proximately caused Plaintiff to careen, at full speed, into a pole at the end of the fourth zipline of the Fins Course, which caused him to suffer severe and permanent injuries.

28. Plaintiff is, therefore, entitled to damages resulting from Defendant's, and/or its agents', negligence, as identified in this Complaint.

## COUNT II: NEGLIGENCE PER SE

29. Plaintiffs repeat and incorporate, by reference, the allegations contained in the paragraphs above, as if set forth herein, verbatim.

30. West Virginia Code § 21-15-5, entitled *"Liability of Zipline Operators"* provides:

> A zipline operator shall be liable for injury, loss, or damage caused by failure to follow the duties and standard of care set forth in section three of this article where the violation of duty is causally related to the injury, loss, or damage suffered.

31. Defendant's actions were in violation of West Virginia statutory law as Defendant and/or its agents failed to follow the duties and standard of care set forth in West Virginia Code § 21-15-3, as outlined in this Complaint.

32. Defendant's, and/or its agents', statutory violations directly and proximately caused severe and permanent injuries and damages to Plaintiff.

33. Plaintiff is, therefore, entitled to an award of damages resulting from said violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from and against Defendant as follows:

    (a) Compensatory damages, including, but not limited to: Medical expenses, past and future; pain and suffering, past and future; emotional distress and mental anguish; annoyance and inconvenience; scarring and disfigurement; and loss of enjoyment;

    (b) Attorney's fees, costs, and expenses associated with prosecuting this action;

    (c) Punitive damages;

    (d) Pre- and post-judgment interest;

    (e) Any and all other relief to which Plaintiff appears to be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**RUDOLF CHRISTIAN de BACK**

By Counsel

/s/ Ben Salango
Ben Salango (WVSB #7790)
Sarah Hunter (WVSB #13031)
SALANGO LAW, PLLC
206 Capitol Street
Charleston, West Virginia 25301
Phone: (304) 342-0512
Fax: (304) 342-0513
*Counsel for Plaintiff*