UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

RUDOLPH CHRISTIAN de BACK

    Plaintiff,

v.                                                                     CIVIL ACTION NO.  5:24-cv-00072

GREENBRIER OUTFITTERS, INC. d/b/a
BROADMOOR OUTFITTERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Greenbrier Outfitters, Inc. d/b/a Broadmoor Outfitters' ("Broadmoor Outfitters") Motion to Set Aside Default [Doc. 12], filed May 10, 2024.

**I.**

On February 14, 2024, Plaintiff Rudolph Christian de Back, a resident of the Netherlands, instituted this action against Broadmoor Outfitters after allegedly suffering an injury while participating in a zipline course operated by Broadmoor Outfitters in Colorado Springs, Colorado.[1] [Doc. 13 at 1]. Mr. de Back contends Broadmoor Outfitters negligently created, maintained, and operated the zipline. [*Id.*; *see also* Doc. 1 at 4–5].

On March 22, 2024, Mr. de Back moved the Clerk for entry of default, contending Broadmoor Outfitters failed to appear or file a responsive pleading following service of process on February 21, 2024. [Doc. 12]. Mr. de Back attempted service under *Federal Rule of Civil*

---

[1] Broadmoor Outfitters is a domestic corporation registered with the West Virginia Secretary of State's Office and licensed to conduct business in West Virginia. It maintains a local office at 905 Main Street, East, White Sulphur Springs, West Virginia, 24986. [Doc. 13 at 2].

*Procedure* 4(h) by providing process to the Secretary of State as statutory agent of Broadmoor Outfitters on February 21, 2024, in accordance with *West Virginia Code* section 31D-5-504. The Clerk entered default on March 26, 2024 [Doc. 7].

Broadmoor Outfitters now moves to set aside default for insufficiency of service. Broadmoor Outfitters asserts it only learned of this case after its president, Duane Zobrist, learned of it through a news article on May 1, 2024. [Doc. 13 at 4]. It was later learned the Secretary of State sent process to 362 Mountain Avenue in White Sulphur Springs rather than Broadmoor Outfitter's mailing address at P.O. Box 566. [*Id.* at 2]. The mailing was returned undeliverable. [*Id.* at 2–3].

Broadmoor Outfitters offers meritorious defenses, including Mr. de Back's release agreement. [Doc. 13 at 7]. Broadmoor Outfitters attaches Mr. Zobrist's affidavit in support. [Doc. 12-1]. Accordingly, Broadmoor Outfitters asserts good cause exists to set aside default. Mr. de Back does not oppose the request. [Doc. 14].

**II.**

Pursuant to *Federal Rule of Civil Procedure* 55(c), "[t]he court may set aside entry of default for good cause." The inquiry hinges upon "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Moreover, our Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.*

Our Court of Appeals has observed as follows: "Establishing notification to a . . . defendant through proper service . . . is critical since . . . service . . . triggers defendant's duty to file a responsive pleading . . . and the failure to respond in a timely fashion can result in liability being imposed by default . . . ." *United States v. Perez*, 752 F.3d 398, 405–06 (4th Cir. 2014). Failing proper service, personal jurisdiction is absent. *Id.* (citing *Fed. Deposit Ins. Corp. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677, 680 (S.D.W. Va. 1983) ("Service of process serves . . . dual function[s], both related to the jurisdiction of the court. It is necessary to bring a defendant within the power of the court. It also serves to satisfy the requirements of due process by giving notice to a defendant of the proceeding against him.")). Therefore, the "failure to effectuate proper service of process would constitute 'good cause' for purposes of Rule 55(c)." *Id.* (citing *Hearron v. Premier Mfg. Support Servs., Inc.*, 2010 WL 4921789, at *2 (D. Kan. Nov. 29, 2010) (setting aside default where defendant was not properly served)).

Pursuant to *Federal Rule of Civil Procedure* 4(h), a corporation, partnership, or association within a federal judicial district may be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under West Virginia law, "[t]he Secretary of State has the authority to accept service of notice and process on behalf of each corporation and is an agent of the corporation upon whom service of notice and process may be made in this state for and upon each corporation."

3

W. Va. Code § 31D-5-504(c). After being served with or accepting any process or notice, the Secretary of State must

> transmit one copy of the process or notice by registered or certified mail, return receipt requested . . . to: (A) The corporation's registered agent; or (B) if there is no registered agent, to the individual whose name and address was last given to the Secretary of State's office as the person to whom notice and process are to be sent and if no person has been named, to the principal office of the corporation as that address was last given to the Secretary of State's office. . . . Service or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the Secretary of State is refused by the addressee and the registered or certified mail is returned to the Secretary of State, or to his or her office, showing the stamp of the United States Postal Service that delivery has been refused, and the return receipt or registered or certified mail is received by the Secretary of State . . . .

*Id.*

According to Mr. Zobrist's affidavit, and consistent with the return receipt found on the Secretary of State's website, Broadmoor Outfitters was improperly served. The subject mailing was returned as undeliverable. Broadmoor Outfitters thus never received actual notice of this action. Inasmuch as service of process was improper, so too was the entry of default.

Additionally, as noted, Broadmoor Outfitters (1) has meritorious defenses, (2) acted with reasonable promptness, (3) bears no responsibility for the entry of default, and (4) lacks a history of dilatoriness. Mr. de Back has also not alleged any prejudice.

### III.

Accordingly, the Court **GRANTS** Broadmoor Outfitters' Motion to Set Aside Default [**Doc. 12**]. It is **ORDERED** that Broadmoor Outfitters' Answer and Affirmative Defenses to Plaintiff's Complaint [**Doc. 15**] be deemed filed as of the date of this Order.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

5

ENTER:     August 12, 2024

Frank W. Volk
United States District Judge